DROUILLARD *v.* HUIET.

LANDLORD AND TENANT—COVENANT TO REPAIR—WAIVER.

The receipt of rent less an allowance for money expended by the lessee for repairs upon the leasehold does not necessarily amount to a waiver from thenceforth of the tenant's covenant in his lease to maintain the premises in good repair, so as to entitle him to a corresponding reduction in the subsequent rental in a suit for use and occupation wherein he sought to recoup for further repairs.[1]

[1]For authorities on the question of effect of tenant's obligation under express covenant in lease to keep premises in good repair, see note in 64 L. R. A. 652.

Error to Monroe; Gilday, J.  Submitted April 10, 1916.  (Docket No. 65.)  Decided June 1, 1916.

Summary proceedings by M. A. Drouillard against Ira Huiet for the possession of certain real estate. From a judgment for complainant defendant appealed to the circuit court.  Judgment for complainant.  Defendant brings error.  Affirmed.

*Golden & Haas,* for appellant.

*Willis Baldwin* and *Clifton Kolb,* for appellee.

Plaintiff is owner and lessor of certain premises described as a hotel, barn, and outbuildings on lot No. 12 in the village of Erie.  Defendant was lessee of the premises.  Action was brought under the statute by the lessor to recover possession of the premises, in which action the circuit court commissioner gave a judgment for the plaintiff, finding there was due complainant for rent the sum of $40.  On appeal to the circuit court, the cause came on for trial before the court and a jury, at the conclusion of which, upon motion of the plaintiff (complainant), the court directed a verdict in his favor, finding due complainant for rent $98.63.  Judgment was entered on the verdict.  Defendant assigns errors as follows:

"(1)  The court erred in refusing to give defendant's request to charge to the jury.

"(2)  The court erred in directing a verdict for the complainant, in that the testimony raised an issue of fact, exclusively within the province of the jury to determine.

"(3)  That the court erred in directing a verdict for the complainant, in that he invaded the province of the jury in determining as a matter of law that there was no waiver of the conditions of the written contract."

There was a written lease; one of the covenants therein being:

"That said party of the second part will, at his own expense, during the continuance of this lease, keep the said premises and every part thereof in as good repair and at the expiration of the term yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted."

It seems to be agreed that, unless this covenant was abrogated or the keeping of it waived by the landlord by his conduct, the judgment was right, but it is the claim of defendant that performance was waived; at least that whether it was or not was a question of fact for the jury. It is not claimed that the landlord was bound, or that the tenant was not bound, to make the repairs hereinafter referred to.

It is not the contention of defendant, appellant, that there was no rent due under the lease when the proceeding was instituted (the rent was payable monthly at the end of each month), but that he tendered the landlord for the $20 monthly rent that was due a receipted bill for $7 for repairs which the tenant had made upon a pump upon the premises and $13 in money, which the landlord refused to accept, but which appellant claims he was bound to accept because he had previously, during the three years that appellant occupied the premises under the lease, allowed the tenant the cost of certain repairs of the premises, the total of the five items allowed amounting to $16.65. Appellant says in his brief, without, however, making reference to the record in verification of the statements:

"During the occupancy of the premises in question by defendant, defendant made various repairs to the premises, and each and every repair so made by the defendant was by him deducted from the rent due the plaintiff. The plaintiff for three years accepted the rent from the defendant, less the deductions made by the defendant for repairs. Defendant held up the

rent due plaintiff from May 19 to September 19, 1913, to compel plaintiff to put a roof on the hotel. That plaintiff finally complied and did put a roof on the hotel, after which defendant paid the rent so held back. Defendant held back rent due plaintiff for July, August, September, and October, 1914, to compel plaintiff to repair stable on the premises in question, and that plaintiff finally did make said repairs and received the rent.

"That in December, 1914, defendant presented plaintiff with a bill for $7 for repairing a pump on the premises in question, together with the balance of the rent due plaintiff, which plaintiff refused to accept, and without further notice, on January 8, 1915, served notice on the defendant to vacate the premises.  *  *  *

"It is the claim of the defendant that during his occupancy of the premises and up to the time he was served with notice to quit, January 8, 1915, he had made various repairs on the premises, and that the plaintiff had always accepted the rent, less the deductions made by defendant for said repairs. That the plaintiff never made objection to this action on the part of the defendant, and that the only dispute that defendant and plaintiff ever had relative to the deductions for repairs related to the amount of the deduction and not to the fact of deduction."

And in argument:

"The only issue involved in this case is whether or not the plaintiff, by his conduct for three years, waived a known and definite right under the contract of lease with the defendant, so as to estop him from declaring a breach of that contract lease."

This is not a complete, but is a sufficient, statement of the contention and of the facts.

OSTRANDER, J. (*after stating the facts*). Assuming that the landlord upon successive occasions waived the right to insist upon performance of the covenant to repair, or, not being obligated to do so, consented to accept the stipulated rent less the cost of certain repairs made by the tenant, it does not follow that he

was bound thereafter to continue to waive perform-
ance by the lessee or to continue to make repairs. It
is evident that he did not waive payment of the rent,
for the nonpayment of which this proceeding was in-
stituted. There is involved no question of the mutual
construction of doubtful terms of the contract by the
contracting parties. The lessee's obligation was to
pay monthly rent at the rate of $20 a month. This
obligation he did not perform, and the landlord had
his remedy.

The judgment is affirmed.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE,
BROOKE, and PERSON, JJ., concurred.